UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

JOSE DE JESUS RAMIREZ SANCHEZ,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

No. 5:26-cv-06415-JDE

ORDER REGARDING PETITION

## I.
## PROCEEDINGS

On October 29, 2026, Jose De Jesus Ramirez Sanchez ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus challenging his initial arrest and ongoing detention by immigration authorities and seeking immediate release. Dkt. 1 ("Petition" or "Pet."). Petitioner filed a prior federal habeas challenge to his detention. See Ramirez Sanchez v. Mullin, et al., Case No. 26-4099-JDE (C.D. Cal.) ("Prior Action"). The Prior Action challenged his detention without a bond hearing, alleging his mandatory detention violated the Due Process Clause, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA"), and seeking release or a bond hearing. Consistent with the Court's order in the Prior Action,

Petitioner received an individualized bond hearing before an immigration judge ("IJ"), who determined that Petitioner is a flight risk and therefore denied bond. Pet., Exh. D. The instant Petition challenges that determination on due process and APA grounds. Petitioner also challenges his initial arrest, reasserts a prior due process challenge to his detention without a bond hearing, and challenges a subsequent detention determination. Respondents filed an Answer on November 5, 2026. Dkt. 6 ("Ans."). Petitioner filed a Reply on November 9, 2026. Dkt. 8.

For the reasons discussed below, the Petition is denied.

## II.

## BACKGROUND

Petitioner is native and citizen of Mexico, who entered the United States in 2004 without inspection. Pet. ¶¶ 2, 29, Exh. A ("Form I-213"). He was detained by immigration authorities on June 23, 2006 during a "targeted operation of another individual" and issued a notice to appear, charging him with inadmissibility pursuant to INA Section 212(a)(6)(A)(i). Id. ¶ 31, Form I-213; Prior Action, Dkt. 1 at 7. Petitioner contends he was arrested without a judicial warrant, though an administrative warrant was issued and served on Petitioner the same day. Pet. ¶ 31, Form I-213 at 3; Ans., Exh. A.

On July 22, 2026, Petitioner filed the Prior Action, alleging his mandatory detention without a bond hearing violated due process, the INA, and the APA. Prior Action, Dkt. 1. Respondents did not file an answer within the time permitted. On July 31, 2026, the Court granted the prior petition in part, ordering Respondents to provide Petitioner an individualized bond hearing before an IJ and denying the Petition as to all other requests for substantive relief with prejudice. Prior Action, Dkt. 7. The Court indicated that "nothing herein precludes Petitioner from asserting future claims, in an appropriate forum, based on a change in circumstances." Id. at 5.

On August 7, 2026, Petitioner received a bond hearing. Pet. ¶ 33. The IJ denied bond in a reasoned decision, finding Petitioner failed to meet his burden to demonstrate he is not a flight risk. Id., Exh. D. Petitioner filed an appeal to the Board of Immigration Appeals ("BIA"), which remains pending. Id. ¶ 38. Petitioner then filed another request for a bond hearing as a Bautista class member. Id. ¶ 40, Exh. F. A hearing took place on September 28, 2026, at which the IJ concluded it lacked authority or jurisdiction to consider Petitioner's reconsideration request and even if it did, the additional evidence was insufficient to demonstrate changed circumstances. Id. ¶ 41, Exh. H. Petitioner filed an appeal with the BIA, which remains pending. Id. ¶ 45.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). Here, Petitioner has failed to carry his burden to prove that his current custody violates his federal rights.

### A. Due Process Challenge to Detention With No Bond Hearing (Count Two)

As noted, in the instant Petition, Petitioner challenges his initial detention without a bond hearing. The abuse of the writ doctrine "forbids the reconsideration of claims that were or could have been raised in a prior habeas

petition." Eldridge v. Howard, 70 F.4th 543, 551 (9th Cir. 2023) (citation omitted). A successive petition raising identical grounds for relief must be dismissed unless the petitioner shows cause and prejudice or a fundamental miscarriage of justice. Id. Looking to the substance of the claim, the question is whether the petitioner "had a full and fair opportunity to raise the claim in the prior application." Id. at 552 (citation omitted). Petitioner has had such an opportunity.

Petitioner argued in the Prior Action that his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing violated due process. Prior Action, Dkt. 1 at 3, 9. Similarly, Count Two in the instant Petition again challenges Petitioner's detention "without providing [him] an initial custody determination and without a bond hearing to determine whether [he is] a flight risk or danger" in violation of the Due Process Clause. Pet. ¶ 97. The substance of the claim remains substantively the same as in the Prior Action and has been resolved. Petitioner has not demonstrated cause and prejudice or a fundamental miscarriage of justice. As such, Count Two is barred.

**B. Fourth Amendment Claim (Count One)**

The Court previously ordered Respondents to provide Petitioner a bond hearing. The Court found in the Prior Action that Petitioner had not shown he was entitled to more expansive relief. Prior Action, Dkt. 7 at 4. Petitioner now claims that relief was insufficient because his initial arrest without a judicial warrant and probable cause violated the Fourth Amendment. Pet. ¶¶ 86-92.

"A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex. Rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citation omitted). Thus, "[t]he dispositive question

in this habeas proceeding is not whether petitioner's arrest was procedurally defective, but whether he is presently entitled to release from custody." Liu v. Janecha, 2026 WL 2178768, at *2 (C.D. Cal. July 27, 2026).

Here, the present detention is based on his ongoing removal proceedings and the IJ's custody determinations, rather than solely on the circumstances of his initial arrest. As such, on the unique facts here, "to the extent that petitioner seeks [his] release from custody based on the allegedly unlawful arrest, there is no basis for the court to grant such relief." See Marroquin Salazar v. Noem, Case No. 5:25-cv-02367-FLA-JC (C.D. Cal.), Dkt. 10 at 20-21 (collecting cases), accepted by 2025 WL 3535050, at *1 (C.D. Cal. Dec. 8, 2025); Lameda Rodriguez v. Semaia, 2026 WL 2221648, at *4 (C.D. Cal. July 30, 2026) (denying Fourth Amendment claim); Mendez v. Sec'y of Homeland Sec., 2026 WL 2138133, at *2 (C.D. Cal. July 17, 2026) (finding petitioner was not entitled to release based on any alleged defect in the arrest process).

**C. Substantive Due Process Claim (Count Four)**

Petitioner also contends that his detention violates substantive due process because "it bears no reasonable relation to any legitimate government purpose." Pet. ¶ 120. This ignores that he has been found to be a flight risk by the IJ. While he may dispute that decision, his contention that his detention "serves no legitimate immigration purpose" (id. ¶ 121) is belied by the record. Petitioner is not entitled to habeas relief on this claim.

**D. Challenges to Bond Decisions (Counts Three and Five through Eight)**

Finally, Petitioner raises multiple challenges the IJ's detention decisions. However, as Petitioner concedes, he has not exhausted his administrative remedies. "Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam); see also Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). The

exhaustion requirement is not jurisdictional, but prudential exhaustion may be required when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011) (as amended).

Exhaustion may be waived where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be futile, irreparable injury would result, or the administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004); Ward, 678 F.3d at 1045. "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of [the] Laing factors applies." Chavez v. Noem, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025) (citation omitted).

Detainees subject to Section 1226 who are dissatisfied with the IJ's bond determination may file an administrative appeal with the BIA. See Leonardo, 646 F.3d at 1160. "If they remain dissatisfied, they may file a petition for habeas corpus in the district court." Id. Petitioners should "exhaust[] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." Id.; see also Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) ("[T]he petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal[.]").

Prudential exhaustion applies here. Petitioner has appealed the IJ's decisions and acknowledges that "process continues." See Pet. ¶ 51. Each of the prudential exhaustion factors weigh in favor of requiring exhaustion. First, Petitioner challenges the IJ's failure to meaningful consider the relevant evidence, to properly apply the Guerra and Patel factors, and to articulate a "reasoned connection between the evidence in the record" and the IJ's decision. But Petitioner, who was represented by counsel at both hearings, does not explain why those challenges, if warranted, cannot be addressed and corrected in the context of an appeal before the BIA, where the factual record can and should be properly developed. See Executive Office for Immigration Review, Part II - OCIJ Immigration Court Practice Manual, Chap. 8.3(e)(7) ("Usually, the [IJ's] decision is rendered orally. If either party appeals, the [IJ] prepares a written decision based on notes from the hearing, however the record will not be transcribed.") available at https://www.justice.gov/eoir/policy-manual-eoir/part-II/icpm. Second, waiving exhaustion in this instance would encourage others to deliberately bypass the established administrative scheme, which contemplates appeals with the BIA, not the district court, in the first instance. Third, the outcome of such appeal may provide Petitioner the relief sought in this proceeding and eliminate the need for judicial review.

Further, Petitioner has not shown exhaustion should be waived here. That Petitioner purports to raise constitutional challenges to the bond decisions, such challenges do not compel a waiver of exhaustion because the BIA is "well-equipped" to consider challenges to the IJ's decisions and may provide the relief Petitioner seeks. Kanar v. Semaia, 2026 WL 966569, at *4-5 (C.D. Cal. Apr. 7, 2026) (citation omitted). To the extent Petitioner challenges how the IJ considered the evidence, this is a case-specific claim about the adequacy of the IJ's decisions in a single case, exactly the type of claim the BIA is designed to review. See Liu, 2026 WL 2178768, at *4.

The Court also finds Petitioner's arguments that exhaustion would be inadequate and futile based on 2025 BIA decisions (Pet. ¶ 53) unpersuasive, as Petitioner has not demonstrated any specific policy or BIA ruling that would render appeal in his particular case futile. Additionally, despite Petitioner's claims that the IJ was not neutral (id. ¶¶ 10, 11, 150), the record here reflects the IJ issued reasoned decisions, specific to Petitioner, citing several reasons for the decisions. Id., Exh. D & H.

Finally, Petitioner has not shown he will suffer irreparable injury that he, in particular, will suffer by waiting for a BIA decision. "[I]f the ordinary delay of administrative review—and its corresponding extension of a petitioner's detention—constituted 'irreparable injury' sufficient to excuse exhaustion, then it would be excused in every bond denial." Liu, 2026 WL 2178768, at *4. Excusing exhaustion on this basis "would cause the exception to swallow the rule." Yu v. Noem, 2026 WL 1042213, at *3 (E.D. Cal. Apr. 17, 2026), adopted by 2026 WL 1188854 (E.D. Cal. Apr. 30, 2026). While the time needed to complete a BIA appeal may tip against enforcement of exhaustion in some cases with compelling facts, it is not enough on its own to warrant waiving the exhaustion requirement and is not warranted in this case.

Accordingly, Petitioner's challenges to the IJ's bond decisions are dismissed without prejudice for failure to exhaust administrative remedies.

**IV.**

**ORDER**

IT IS THEREFORE ORDERED that Judgment shall be entered denying the Petition with prejudice as to Counts One, Two, and Four and without prejudice as to Counts Three and Five through Eight.

Dated: November 10, 2026__

______________________________
JOHN D. EARLY
United States Magistrate Judge